UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO PEREZ, | : |
|     petitioner, | : |
| | : |
| v. | :  3:19-cv-1639 (VLB) |
| | : |
| LICON-VITALE, | : |
|     respondent. | : |

## ORDER OF TRANSFER

On October 17, 2019, Petitioner filed a Petition for Writ of Habeas Corpus seeking an Order to direct the Bureau of Prisons ("BOP") to "[have Petitioner] be immediately scheduled to see an outpatient specialist for back surgery for a serious back injury." [ECF No. 1].

"A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian." *Norwood v. Williams*, No. 3:17-cv-01636 (MPS), 2018 WL 340022, at *2 (D. Conn. Jan. 9, 2018) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–495, (1973). Thus, jurisdiction for habeas petitions challenging conditions of confinement lies in the district of confinement. *See* 28 U.S.C. § 2241(a) (providing that habeas corpus petitions may be granted by the district courts "within their respective jurisdictions"); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, the "immediate physical custodian rule" does not apply when a habeas petitioner challenges something other than his present physical confinement. *See Rumsfield*, 542 U.S. at 438 ("a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody"); *Braden*, 410 U.S. at 500 (discussing application of

1

traditional venue considerations in the context of a section 2241 petition challenging interstate detainer).

As *Braden* set forth, the court may determine the appropriate venue by considering (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found"; and (3) the convenience of the forum for both the respondent and the petitioner.  410 U.S. at 493-94.  Here, Petitioner was transferred to Federal Medical Center ("FMC") Devens in Massachusetts on February 12, 2020 because it has the capability to provide Petitioner the necessary medical care and rehabilitation.  After review of the venue considerations, the Court concludes it is now in the interest of justice for this habeas petition (seeking relief in connection with Petitioner's need for medical treatment for his back) to be transferred to the District of Massachusetts. Petitioner is now incarcerated and receiving medical care for his back at FMC Devens in Massachusetts, and the most relevant records and witnesses will be located in the District of Massachusetts, which is also now the most convenient forum for the petitioner.

Thus, in accordance with 28 U.S.C. §1404(a), the Court hereby instructs the Clerk to transfer this petition for habeas corpus to the District of Massachusetts.

             /s/
             Vanessa L. Bryant
             United States District Judge

SO ORDERED this 4th day of May 2020, at Hartford, Connecticut.